Brenda M. Bradley, OSB No. 060453
brenda.bradley@lasoregon.org
Legal Aid Services of Oregon
230 N.E. Second Avenue, Ste. A
Hillsboro, OR 97124
Telephone: (503) 648-7163
Facsimile: (503) 648-0513

Shelley Latin, OSB No. 032253
shelley.latin@lasoregon.org
Legal Aid Services of Oregon
P.O. Box 1327
Pendleton, OR 97801
Telephone: (541) 276-6685
Facsimile: (541) 276-4549

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JAVIER RIVAS-AYALA,** | Civil No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| **ADELSHEIM VINEYARD, LLC,** | |
| Defendant. | |

### I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and under 28 U.S.C. §1337, as it arises under an act of Congress regulating commerce.

COMPLAINT – Page 1

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's state law claims, as they are so related to claims within the Court's original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

## II. PARTIES

3. Plaintiff is a resident of Yamhill County, Oregon.

4. At all relevant times, defendant was a limited liability company doing business in Yamhill County, Oregon.

## III. FACTS

5. Defendant owns and operates a vineyard in Yamhill County, Oregon, where it grows grapes used for the production of wine.

6. In 2013, defendant filed an Application for Temporary Employment Certification with the U.S. Department of Labor to bring foreign workers to work in its vineyard under the H-2A visa program.

7. The U.S. Department of Labor approved defendant's H-2A application.

8. As part of the H-2A application process, defendant filed a job order with the Oregon Employment Department.

9. The job order contained the material terms and conditions of the H-2A job and covered a period of employment from February 15, 2013 to November 15, 2013.

10. Plaintiff had sufficient work experience and was qualified to perform the H-2A job.

11. The Oregon Employment Department referred plaintiff to apply for the H-2A job at defendant's vineyard.

12. Plaintiff applied for the H-2A job and was interviewed by defendant in approximately January 2013.

13. At the job interview, defendant, through its vineyard manager, told plaintiff that he was not qualified for the H-2A job but that defendant had another job to offer plaintiff.

14. Defendant's vineyard manager told plaintiff that the offered job was "better" than the H-2A job because it was permanent and year-round, unlike the H-2A job, which would only last until November.

15. Plaintiff accepted defendant's alternative job offer for year-round, permanent work.

16. Defendant employed plaintiff to work in its vineyard from approximately January to October 2013.

17. In approximately October 2013, defendant laid off plaintiff and other non-H-2A workers, telling them that they could return to work in January.

18. The foreign workers defendant hired for the H-2A job continued working after plaintiff and the other workers were laid off.

19. Approximately ten days after defendant laid plaintiff off, defendant's vineyard manager called plaintiff to inform him that he would not be allowed to return to work in January.

20. Defendant initially paid plaintiff at the hourly rate of $10.50; in approximately April 2013, defendant raised plaintiff's hourly wage to $11.00.

21. Defendant paid the foreign workers it hired for the H-2A job the adverse effect wage rate (AEWR) set by the U.S. Department of Labor of at least $12.00 per hour.

22. During the course of his employment with defendant and during the period of employment covered by the H-2A job order, plaintiff performed work included in the H-2A job order, including but not limited to preparing the fields, planting, weeding, pruning, maintaining and installing trellises, and irrigating.

23. During the course of his employment with defendant and during the period of employment covered by the H-2A job order, plaintiff performed agricultural work that the foreign H-2A

COMPLAINT – Page 3

workers also performed, including but not limited to preparing the fields, planting, weeding, pruning, maintaining and installing trellises, and irrigating.

24. On or about May 14, 2014, plaintiff's counsel sent defendant a written demand for payment of plaintiff's wages.

25. On or about October 24, 2014, plaintiff's counsel sent defendant a second demand for payment of plaintiff's wages and outlining plaintiff's claims for breach of contract and under the Migrant and Seasonal Agricultural Workers Protection Act (AWPA).

26. On or about December 19, 2014, plaintiff's counsel sent defendant another written demand with regard to plaintiff's claims.

27. To date, defendant has not tendered payment of wages to plaintiff.

28. Plaintiff has attempted in good faith to resolve the issues in dispute without litigation, as required by 29 U.S.C. § 1854(c)(2).

29. Plaintiff regularly performs vineyard work and would be willing to return to employment with defendant if defendant complied with the laws relating to the employment of U.S. workers by H-2A employers and the AWPA.

## IV. CLAIMS FOR RELIEF

### First Claim – Migrant and Seasonal Agricultural Workers Protection Act

30. Paragraphs 1-29 are incorporated by reference.

31. By failing to pay plaintiff the AEWR, defendant failed to pay all wages owed to plaintiff when due in violation of 29 U.S.C. § 1832(a).

32. Defendant violated the terms of its working arrangement with plaintiff in violation of 29 U.S.C. § 1832(c) by failing to pay plaintiff the AEWR and by employing plaintiff as a seasonal worker when defendant had promised plaintiff year-round, permanent work.

33. Defendant knowingly provided false or misleading information to plaintiff concerning the terms, conditions or existence of employment available in violation of 29 U.S.C. § 1831(e) by telling plaintiff he was not qualified for the H-2A job and by telling plaintiff that the "better" job it was offering was year-round rather than seasonal.

### Second Claim – Breach of Contract

34. Paragraphs 1-33 are incorporated by reference.

35. The terms and conditions of the job order constituted an employment contract between plaintiff and defendant.

36. Defendant breached its contract with plaintiff by failing to pay plaintiff the AEWR.

37. As a result, plaintiff suffered damages of approximately $1838.75.

### Third Claim – Oregon Penalty Wages

38. Paragraphs 1-37 are incorporated by reference.

39. Because defendant failed to pay all wages when due to plaintiff, plaintiff is entitled to penalty wages under ORS 652.150.

### V. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief in his favor and against defendant:

    1. On his First Claim his actual damages or $500.00 per violation, whichever is greater, and injunctive relief pursuant to 29 U.S.C. §1854(c)(1) ordering defendant to comply with the AWPA;

    2. On his Second Claim, damages of $1,838.75;

    3. On his Third Claim, $2,880.00 in penalty wages, pursuant to ORS 652.150;

    4. His reasonable costs and attorney fees under ORS 20.082 and ORS 652.200(2);

5. Prejudgment and post-judgment interest as allowed by law; and

6. Such other relief as the Court deems just and proper.

Dated: January 2, 2015.

LEGAL AID SERVICES OF OREGON

 s/Brenda M. Bradley
Brenda M. Bradley, OSB No. 060453
brenda.bradley@lasoregon.org
Tel: 503-648-7163
Of Attorneys for Plaintiff

COMPLAINT – Page 6